IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SEMIR D. SIRAZI, GREENSTONE CAPITAL, L.L.C., and MARDINI, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 12 C 653 |
| GENERAL MEDITERRANEAN HOLDING, SA, ORIFARM, SA, and NADHMI AUCHI, | ) ) ) ) | |
| Defendants. | ) ) | |

# **OPINION AND ORDER**

Defendants' motion to reconsider in part the ruling dated March 5, 2015 (ECF 381) granting plaintiffs' motion to exclude any reference to advice of counsel (ECF 329) is before the Court. Plaintiffs moved to exclude any testimony that any lawyer told defendants that the Settlement Agreement was invalid or that the transactions consisting of the acquisition of Anton Rezko's ownership interests was permissible. The thrust of the motion centered on whether the requirements for an "advice of counsel" defense were met. Reliance on a lawyer's opinion to negate a mental state must be reasonable and in good faith. ***U.S. v. Philpot***, 733 F.3d 734, 747 (7th Cir. 2013); ***Boehm, v. Zimprich***, ___ F. Supp. 3d ___,

2014 WL 7217380 *8 (W.D. Wis. Dec. 17, 2014). Based on certain admitted facts it appeared that the full disclosure requirements for such a defense could not be shown. See **U.S. v. Van Allen**, 524 F.3d 814, 823 (7th Cir. 2008).

However, in the reconsideration motion, defendants assert that in this case the opinions of attorneys that were expressed to them are still admissible. It is argued that the legal opinions the defendants received are relevant to issues of punitive damages and the intentional tort causes of action requiring that plaintiffs prove that defendants acted with the requisite intent. Tortious interference with contract, civil conspiracy, and aiding and abetting fraud involve a showing of intentionality. Defendants are correct that it has been held that legal advice and opinions do bear on the issue of intentionality in such claims. In **Independence Tube Corp. v. Copperweld Corp.**, 691 F.2d 310, 324-25 (7th Cir. 1982), *rev'd on other grounds*, 469 U.S. 827 (1984), the Seventh Circuit held that reliance on the advice of counsel was a factor but not a complete defense in an action for tortious inducement of breach of contract. Similarly, in **Howard v. S.E.C.**, 376 F.3d 1136, 1147 (D.C. Cir. 2004), the Court stated that "reliance on the advice of counsel need not be a formal defense; it is simply evidence of good faith, a relevant consideration in evaluating a defendant's scienter." See also **Freightquote.com,**

*Inc. v. Hartford Cas. Ins. Co.*, 397 F.3d 888, 894 (10th Cir. 2005) (advice of counsel is relevant to intent but, in that case, did not overcome inferences from the totality of circumstances).

After consideration of the parties' arguments it is concluded that the defendants should be allowed to introduce evidence of any legal opinions they received before acquiring Rezko's interests. Plaintiffs will be given the opportunity to introduce any evidence that bears on the credibility of any such opinions or reliance. Accordingly, defendants' request to exclude such evidence will be denied.

IT IS THEREFORE ORDERED that defendants' motion to reconsider (ECF 401) is granted part and denied in part. On reconsideration, plaintiffs' motion *in limine* (ECF 329) is denied.

ENTER:

*William T. Hart*
UNITED STATES DISTRICT JUDGE

DATED: MAY 12, 2015