IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SEMIR D. SIRAZI, GREENSTONE CAPITAL L.L.C. and MARDINI, INC., <br><br> Plaintiffs, <br><br> v. <br><br> GENERAL MEDITERRANEAN HOLDING, SA, ORIFARM, SA, and NADHMI AUCHI, <br><br> Defendants. | Case No. 1:12-CV-00653 <br><br> Judge William T. Hart |

**DEFENDANT NADHMI AUCHI'S RENEWED MOTION FOR
JUDGMENT AS A MATTER OF LAW**

Pursuant to Rule 50(b) of the Federal Rules of Civil Procedure, Defendant Nadhmi Auchi hereby renews his motion for judgment as a matter of law and states as follows.[1]

At the recent trial, the Court: (1) granted Defendants' motion for judgment as a matter of law on Plaintiffs' fraud count, and (2) permitted Plaintiffs' claims for tortious interference, civil conspiracy, and unjust enrichment to proceed to the jury. Ultimately, the jury rejected Plaintiffs' claims for tortious interference and civil conspiracy against Mr. Auchi, but nevertheless returned a verdict against him for unjust enrichment and punitive damages. For the reasons set forth below, Plaintiffs failed to come forward with a legally sufficient evidentiary basis to find for them on the unjust enrichment claim or punitive damages as to Mr. Auchi. *See* Fed. R. Civ. P. 50(b). Accordingly, judgment should be entered as a matter of law in favor of Mr. Auchi.

---

[1] GMH and Orifarm will be moving separately to renew their motion for judgment as a matter of law. Mr. Auchi incorporates by reference that motion, but moves separately to address the issues unique to him.

Though it remains unclear whether Illinois law recognizes a separate cause of action for unjust enrichment, it is indubitably true that where "an unjust enrichment claim rests on the same improper conduct alleged in another claim, … unjust enrichment will stand or fall with the related claim." *Cleary v. Philip Morris Inc.*, 656 F.3d 511, 517 (7th Cir. 2011) (analyzing Illinois law and collecting cases). Indeed, citing *Cleary*, this Court already concluded that resolution of Plaintiffs' fraud claim would be "dispositive of the unjust enrichment claim as well." (Dkt. # 377 (quoting *Cleary*, 656 F.3d at 516-17); *see also* Dkt # 134 at 16 (citing *Cleary* and denying Defendants' motion to dismiss on grounds unjust enrichment claim would stand or fall with fraud claim).) Because the Court disposed of Plaintiffs' predicate fraud claim as a matter of law at trial, Plaintiffs' unjust enrichment claim must fall too. Accordingly, judgment as a matter of law should be entered in favor of Mr. Auchi.

In addition, judgment as a matter of law should be granted because Mr. Auchi was not and could not have been enriched, much less unjustly, by the underlying transactions. In evaluating this claim, one must consider the purported benefit that Plaintiffs claim each defendant received. Here, the purported benefit is not alleged to be the Heritage shares that Orifarm purchased. Plaintiffs abandoned this theory prior to trial and – recognizing the shares were worthless – fought strenuously to keep this evidence from the jury. (*See, e.g.,* Trial Tr. at 645 (confirming Plaintiffs' expert did not event attempt to value shares).) Rather, Plaintiffs claim each defendant unjustly retained "proceeds" from the sale.

As noted in Defendants' Rule 50(a) motion, Plaintiffs have it backward. Orifarm was the purchaser, not the seller of the Heritage shares. Orifarm paid proceeds to Rezko to acquire them. *See* 810 ILCS § 5/9-102 (a)(62) ("proceeds" are what is "collected on, or distributed on account of, collateral" or what is "acquired upon the sale" of collateral). Orifarm did not "unjustly

[take]" proceeds and it certainly has not "retained" them. (*See* Jury Instructions for Unjust Enrichment, Dkt. # 495, at 34.) There is no pot of money to return to Plaintiffs and never was. The only thing Orifarm or GMH "took" or "ret[ained]" is the Heritage shares, the return of which Plaintiffs abandoned prior to trial because they knew those shares were worthless. But even if Plaintiffs could support their nonsensical argument that GMH's debt forgiveness somehow constituted proceeds it "retained," there was no evidence offered at trial that those proceeds were ever paid to Mr. Auchi individually. Mr. Auchi did not forgive any debt to Mr. Rezko or record debt forgiveness on his financial statements. Mr. Auchi was not even a party to the purchase agreement.

Even if Plaintiffs' unjust enrichment claim could survive a Rule 50(b) motion, the $5 million punitive damage award must still be vacated as to Mr. Auchi because it rests exclusively on Plaintiffs' unjust enrichment claim. Plaintiffs' intentional tort claims – tortious interference and civil conspiracy – were rejected by the jury.

Again, the Seventh Circuit's opinion in *Cleary* is dispositive. An unjust enrichment claim does not and cannot give rise to a punitive damage award. "Unjust enrichment is not a mode of imposing punitive damages; it is a means of recovering something that the defendant is not entitled to but is unfairly possessing to the plaintiff's detriment." *Cleary,* 656 F.3d at 520. "[T]he remedy for unjust enrichment is the return of the benefit to the party who incurred the detriment." *Mauhblauer v. General Motors Corp.*, 431 F. Supp. 2d 847, 855 (N.D. Ill. 2006) (applying Illinois law). But unjust enrichment is not intended to punish the party retaining the benefit. *Cleary*, 656 F.3d at 520; *see also Record Data, Inc. v. Schoolcraft, Jr.*, No. 83 C 9537, 1986 WL 4424, at *4 (N.D. Ill. Apr. 8, 1986) (Holderman, J.) (granting summary judgment on punitive damages claim and noting "the Court was unable to find any Illinois authority allowing

punitive damages in [unjust enrichment] cases"); *Bank v. Lincolnwood v. Comdisco*, 444 N.E.2d 657, 662 (Ill. App. 1982) (affirming dismissal of request for punitive damages as part of relief for unjust enrichment claim).

WHEREFORE, Defendant Nadhmi Auchi respectfully requests that the Court enter judgment as a matter of law in his favor on the remaining count IV of the Amended Complaint and dismiss Plaintiffs' claim for punitive damages.

Respectfully submitted,

Nadhmi Auchi

By   */s/ William J. Dorsey*
Gil M. Soffer (ARDC # 6201959)
William J. Dorsey (ARDC #6271181)
KATTEN MUCHIN ROSENMAN LLP
525 W. Monroe Street
Chicago, IL 60661-3693
Telephone: (312) 902-5200
gil.soffer@kattenlaw.com
william.dorsey@kattenlaw.com

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

      I, William J. Dorsey, an attorney, state that service of this notice and accompanying document(s) was accomplished upon the individual(s) listed above pursuant to Electronic Case Filing as to Filing Users and in compliance with LR 5.5 as to any party who is not a Filing User or represented by a Filing User on July 6, 2015.

                                                */s/ William J. Dorsey*
                                                 William J. Dorsey

109013576